**UNITED STATES of America, Plaintiff,**

v.

**Pedro GONZALEZ, Defendant.**

No. 85–CR–124.

United States District Court,
E.D. Wisconsin.

March 17, 1986.

R. Jeffrey Wagner, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

Thomas E. Martin, and Robert J. Lerner, Milwaukee, Wis., for defendant.

## ORDER

WARREN, District Judge.

The defendant in this case has filed a motion for a new trial, pursuant to Rule 33, Federal Rules of Criminal Procedure. Accompanying that motion is defendant's motion for release on bail. The motion for release on bail is based entirely upon the motion for a new trial and the attachments thereto. For the reasons set forth below, both motions will be denied.

### A. BACKGROUND.

On November 19, 1985, at the conclusion of a two-day jury trial, the defendant was convicted of one count of conspiracy to distribute heroin and two counts of distribution of heroin in violation of 21 U.S.C. §§ 841(a) and 846. The defendant has appealed that conviction. The defendant's brother, Pepe Gonzalez, was also indicted for similar drug-related offenses. Pepe Gonzalez fled from this district prior to trial, however, and he remains a fugitive.

On January 2, 1986, the defendant filed his motion for a new trial. Two grounds are asserted as the basis for this motion. First, the defendant contends that his limited ability to speak and understand English prevented him from rendering capable as-

sistance to his attorney prior to trial and from understanding his right to testify and call witnesses on his behalf. Second, the defendant contends that "new evidence," in the form of the affidavit of Pepe Gonzalez, demonstrates his innocence of the offenses charged and requires a new trial.

## B. STANDARDS APPLICABLE TO RULE 33 MOTIONS.

Motions for a new trial are governed by Rule 33, Federal Rules of Criminal Procedure, which provides in pertinent part:

> The court on motion of a defendant may grant a new trial to him if required in the interest of justice.... A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

Since the defendant's motion was filed more than seven days after the verdict was entered, a new trial can be granted only if the defendant demonstrates that he has "newly-discovered evidence".[1]

■ In order for a defendant to obtain a new trial under Rule 33 based on newly-discovered evidence, the defendant must show:

(1) That the evidence came to his knowledge after the trial;

(2) That the evidence could not have been discovered sooner through the exercise of due diligence;

(3) That the evidence is material, and not merely impeaching or cumulative; and

(4) That the evidence would probably effect an acquittal following a new trial.

*United States v. Nero,* 733 F.2d 1197, 1202 (7th Cir.1984); *United States v. Oliver,* 683 F.2d 224, 228 (7th Cir.1982). It is within the sound discretion of the trial court to determine whether the defendant's evidence meets these standards. *Nero,* 733 F.2d at 1202.

### 1. Defendant's Ineffective Assistance to Counsel Argument, and the Affidavits in Support Thereof, Are Not New Evidence Which Entitles Him to a New Trial.

The defendant contends that his limited ability to speak and understand English prevented him from rendering capable assistance to his counsel *prior* to trial. The defendant also asserts that this language barrier prevented him from understanding that he had the right to testify and call witnesses on his behalf. The defendant has filed several affidavits of acquaintances, signed and dated in Milwaukee, Wisconsin, attesting to the defendant's limited command of the English language throughout the period in question.

Before discussing the merits of the defendant's argument, a few additional facts should be noted. First, an interpreter was present throughout the trial and pretrial proceedings for the purpose of translating what was said to the defendant. Thus, there is no claim that the defendant did not understand what occurred at his trial. Second, the defendant retained his own trial counsel, and his wife served as an interpreter when necessary for discussions between the defendant and his attorney. Third, the defendant does not claim that his trial counsel rendered ineffective assistance; the claim made is that the defendant rendered ineffective assistance to his counsel.

Having noted these facts, the Court also wishes to point out that none of the cases cited by the defendant in support of his argument are on point. In all of those

---

1. Since the defendant's appeal has not yet been decided, the Court's jurisdiction to decide his Rule 33 motion at this time is dependent on its denial of that motion, as it has indicated it will.

*See United States v. Ellison,* 557 F.2d 128, 132 (7th Cir.) *cert. denied,* 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 450 (1977).

cases, the basis of the motion for a new trial was that the defendant therein was unable to understand the trial proceedings because an interpreter had not been supplied. Even in *Negro v. State of New York*, 434 F.2d 386 (2nd Cir.1970), the authority most heavily relied upon by the defendant, the court's decision to grant a new trial was based on the absence of an interpreter to translate what was said *during the trial* to the defendant. 434 F.2d at 390. The court reasoned that the defendant's inability to understand the trial testimony of adverse witnesses hampered his counsel's capacity to conduct effective cross-examination. *Id.* The court also stated that as a matter of "simple humaneness", a defendant should not be forced to sit through a trial he cannot understand. *Id.* Clearly, the circumstances of that case are unlike those of the present one.

■ The defendant states in his supplementary memorandum that "(p)erhaps it is a tribute to the American system of justice that counsel for the defense is unable to find a case precisely on point analagous to the facts here." (Supplementary Memorandum In Support of Motion for New Trial, filed Jan. 22, 1986, P. 1). The Court opines that the defendant's inability to find a case on point is due to the lack of merit inherent in his argument. Neither the Sixth nor the Fourteenth Amendment requires that courts or the government monitor every aspect of a defendant's pretrial preparations in order to ensure that a fair trial will ensue. The defendant was afforded and took advantage of the opportunity to select his own counsel, and he was given a sufficient period of time to prepare his defense. Thus, that aspect of the Sixth Amendment which has been construed to pertain to pretrial preparation has been satisfied. *See United States v. Bruton*, 584 F.2d 485 (D.C.Cir.1978); *Gandy v. State of Alabama*, 569 F.2d 1318 (5th Cir.1978).

■ Beyond the inherent weakness of the defendant's argument, he fails entirely to establish grounds entitling him to a new trial under the standards set forth above. The defendant makes no showing that the affidavits attesting to his limited command of the English language could not have been discovered before, during, or within seven days after trial through the exercise of due diligence. Moreover, the defendant fails to establish any of the other elements which must be demonstrated in order to obtain a new trial at this late date. For this reason alone the Court would deny the defendant's "ineffective assistance to counsel" argument.

### 2. Pepe Gonzalez's Affidavit is Not New Evidence.

■ The defendant has submitted the affidavit of his brother, Pepe Gonzalez, dated December 30, 1985, and sworn to before a Mexican notary, which reads as follows:

1. That I previously resided in Milwaukee, Wisconsin; that I currently reside in the country of Mexico; that I am one of the two defendants in Case No. 85–CR–124 at Milwaukee, Wisconsin, in the United States District Court for the Eastern District of Wisconsin.

2. That I am the brother of Pedro Gonzalez, who I understand has been convicted of the charges in the grand jury indictment.

3. That should charges be dropped against my brother, or should he be permitted at this time to return to Mexico, I would be willing to return to Milwaukee and enter a plea of guilty to the charges pending against me.

4. That I am willing to do this for the reason that my brother is not guilty of the acts as alleged by the government, and that it would be unjust for him to be punished for charges that he is not responsible for.

5. That under certain circumstances, if necessary, I am prepared to testify on my brother's behalf to prove his innocence.

For a number of reasons, the Court finds that this affidavit is not a valid basis upon which to grant the defendant's request for a new trial. First, the defendant has not shown that this evidence purported to be newly-discovered could not have been ob-

tained earlier through the exercise of due diligence. The defendant's wife, who travelled to Mexico to obtain the affidavit, apparently had no trouble locating the absent Pepe Gonzalez after the defendant's trial. Prior to trial, the defendant neither subpoenaed Pepe Gonzalez nor requested a continuance based on his unavailability. These facts demonstrate a lack of diligence on the part of the defendant in obtaining what he claims to be newly-discovered evidence. *See Oliver,* 683 F.2d at 228.

Second, the defendant has not established that this evidence would probably lead to an acquittal. During the trial, the government called two witnesses who testified about their heroin dealings with the defendant. One of those witnesses, Luis Galindo, testified that he received heroin from the defendant on one occasion, and on another occasion received instructions from the defendant on where to deliver heroin. The other witness, Donald Mata, testified that he and the defendant met on several occasions to arrange for the delivery of heroin. Tape recordings were introduced which corroborated the testimony of these witnesses. In view of the strength of the government's case, the testimony of Pepe Gonzalez, a fugitive and indicted co-conspirator, is likely to have little counteractive effect.

Third, the defendant has made no attempt to show that the evidence now presented was unknown to him prior to trial, or that it is material to the issue of his guilt. With respect to the latter point, Pepe Gonzalez may expound at length about his own heroin dealings, but such testimony alone will not avail his brother's cause. Pepe Gonzalez states in his affidavit that his brother is innocent of the acts for which he was convicted, but no facts are stated which tend to support that conclusion. The brothers were both indicted for conspiracy to distribute heroin; one's confessed guilt will not necessarily exonerate the other.

Finally, the Court is affronted by the third paragraph in Pepe Gonzalez's affidavit, in which he offers to return to Milwaukee and confess his guilt if and when charges are dropped against his brother and/or the latter is allowed to return to Mexico. Few proposals have stood a lesser chance of acceptance by this Court. Apart from the justifiable doubt it has that Pepe Gonzalez would ever appear within sight of this Court were his brother to be released, the Court will not entertain this proposal because it does not engage in the practice of bartering convicted felons for fugitives.

For the foregoing reasons, the defendant's motion for a new trial and his motion for release on bail are hereby DENIED.